ORIGINAL

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

**Case No. 00-CV-007 PAM/JGL**

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS VACATION FUND, TWIN CITY CARPENTERS APPRENTICESHIP AND TRAINING PROGRAM, CARPENTERS & JOINERS DEFINED CONTRIBUTION PLAN,**

Plaintiffs,

vs.

**JOHN W. JEPSEN, d/b/a JEPSEN CONSTRUCTION,**

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter was heard before the undersigned on the 12th day of May, 2000. Pamela H. Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on January 3, 2000, requesting production of payroll reports and contributions for fringe benefits for the months of September, October, and November 1999 and all months that would become due throughout the litigation.

MAY 12 2000 mac

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 12 2000
DEPUTY CLERK

(10)

2. Defendant John Jepsen d/b/a Jepsen Construction was served with a Summons and Complaint in this matter on January 4, 2000.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendant, as an employer, to submit monthly reports and contributions to the Funds in accordance with its terms.

6. Defendant failed to submit reports and contributions to the Funds for the period September, 1999 through February, 2000.

7. The CBA obligates Defendant, as an employer to produce all payroll and employment records upon request by Plaintiffs for the purposes of auditing the records to determine compliance with the fringe benefit contribution obligations of the collective bargaining agreement.

8. The Plaintiffs conducted an audit of Defendant's payroll records for the period of September, 1999 through February, 2000.

9. Pursuant to the audit, Plaintiffs discovered that fringe benefit contributions are owing in the amount of $16,919.82.

10. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions discovered from the audit in the amount of $1,691.98.

11. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

12. The fair and reasonable value of attorney fees incurred by the Plaintiffs in this action is $530.00.

13. The total costs and disbursements incurred by the Plaintiffs in this action are $218.38.

**CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.
2. Defendants owe $16,919.82 in fringe benefit contributions.
3. Defendants owe $1,619.82 in liquidated damages.
4. Defendants owe attorneys' fees and costs in the total amount of $748.28.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment joint and several against Defendant John Jepsen, d/b/a Jepsen Construction for $19,~~288.02~~ 360.08.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 12, 2000

BY THE COURT

Paul A. Magnuson
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAY 1 2 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995